UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80464-CIV-HURLEY

DONNA SMITH,
    plaintiff,
vs.

CARLTON ASSET MANAGEMENT, et al.,
    defendants,
_____/

CLOSED CASE

## ORDER GRANTING MOTION TO COMPEL ARBITRATION & ORDER OF FINAL DISMISSAL & CLOSE-OUT

**THIS CAUSE** is before the Court upon the defendants' motion to compel arbitration [DE# 19] and the plaintiff's counter- motion to stay pending arbitration [DE # 21].

Plaintiff does not dispute the existence or validity of the arbitration agreement between plaintiff and defendants, nor does she dispute that all claims raised by her complaint are arbitrable.

Upon consideration, it is **ORDERED AND ADJUDGED**:

1. The defendants' motion to compel arbitration [DE# 19] is **GRANTED**, and the parties shall promptly proceed to binding arbitration in accordance with their prior agreement. Any unresolved issues pertaining to the arbitral forum which remain after submission to arbitration are for the arbitrator, not the court, to decide. *See generally Howsam v Dean Witter Reynolds, Inc.* 537 U.S. 79, 84 (2002)(procedural questions arising out of dispute and bearing on its final disposition are for an arbitrator, not a judge, to decide).

2. The plaintiff's counter-motion to stay pending arbitration [DE#21] is **DENIED**. Plaintiff's action is covered wholly by the arbitration provision to which the parties agreed. In cases where a court decides that an arbitration agreement is valid and enforceable, it may either stay or

1

dismiss the action. *Nagrampa v MailCoups, Inc*, 469 F.3d 1257, 1276 (9th Cir. 2006). However, dismissal is proper under Section 3 of the Federal Arbitration Act when all the issues presented in a lawsuit are arbitrable. *See Choice Hotels Int'l Inc. V BSR Tropicana Resort, Inc.*, 252 F.3d 707 (4th Cir. 2001): *Bercovitch v Baldwin School, Inc.*, 133 F.3d 141 (1st Cir. 1998); *Alford v Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992); *Sparling v Hoffman Const. Co.*, 864 F.2d 635 (9th Cir. 1988).

3. Since there is nothing further for the court to do at this juncture, this action is **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court shall accordingly **CLOSE** this file and terminate any other pending motions as **MOOT**.

**DONE AND SIGNED** in Chambers at West Palm Beach, Florida this 22 day of October, 2007.

   Daniel T. K. Hurley
   United States District Judge

copies to:

all counsel